In re Honorable Rudolph F. Becker, III applying for a reconsideration of writ granted with order on November 4, 1983, 440 So.2d 746. Criminal District Court, Parish of Orleans. No. 290-897.
*594 Reconsideration denied. However, clarification of this Court’s action of November 4, 1983 is in order. The petitioner’s writ was granted and the case was remanded to the trial court (Section E, Criminal District Court for the Parish of Orleans) to conduct an evidentiary hearing. While it was not altogether clear whether petitioner was complaining of his sentence for his 1981 conviction or his 1982 conviction (as evidenced by the Court of Appeal’s action transferring the matter to this Court under the belief that it concerned the 1981 conviction and sentence), we ultimately concluded that petitioner’s complaint was directed toward his 1982 guilty plea conviction and not the 1981 conviction. Petitioner’s attack is not on his 1981 conviction and eventual probation revocation. Rather, petitioner is complaining that his 1982 guilty plea to two counts of forgery (which was used as the basis for the probation revocation on the 1981 conviction) was induced by his attorney’s assurances (and those assurances did not come to pass) that he would only have to serve a total of nine months in parish prison, including the time made executory on the 1981 conviction after his probation would be revoked. With relator’s impending release date of February 13, 1984, we deemed it advisable, under our supervisory jurisdiction, to act on his writ application, notwithstanding that it was an attack on a post July 1, 1982 conviction (and properly filed in the Court of Appeal) rather than delay action past the point where relief, if ultimately secured by relator, would have any favorable effect. Therefore, we acted on petitioner’s writ application, not because it dealt with the 1981 conviction and sentence, but because it was in the interest of justice to do so in this case. It should be noted, however, that, because of some inevitable delay, when petitioner is brought before the court for the evidentiary hearing on the 1982 guilty pleas, at a time when he has almost completed his concurrent sentences for all three offenses (the two six month sentences imposed for the 1982 forgery convictions and the sentence made executory when his probation under the 1981 conviction was revoked) petitioner may choose not to pursue the matter further, since it could possibly result in his ending up in a more adverse position (with his guilty pleas revoked, his forgery charges in a pre-trial posture and the eighteen month sentence fully served, or almost so), than would otherwise be the case.